### THE ALBEMARLE STEAM NAVIGATION COMPANY v. Q. C. WILLIAMS et al.

*Bail—Statute Limitations.*

Proceedings against bail, in civil actions, are barred, unless commenced within three years after judgment against the principal, notwithstanding the principal may have left the State in the meanwhile.

In 1888 the plaintiff commenced an action in the Court of a Justice of the Peace against the defendant Q. C. Williams to recover one hundred and fifty dollars (which it was alleged that he had embezzled as plaintiff's agent), and, pending the action, procured an order of arrest, which was executed, and the other defendants became bail. In August, 1888, the plaintiff recovered judgment for the amount claimed.

Q. C. Williams forfeited his bond and fled the State about two years before the making of the motion in this cause. The said judgment was docketed in the Superior Court in October, 1888, and execution issued against the property of the defendant shortly thereafter and returned "*nulla bona.*" A few weeks before this motion was made, execution was issued against the person of the defendant, and returned not to be found. Thereupon, in November, 1891, the plaintiff moved for judgment against the sureties, J. T. Williams and B. F. Williams. The said sureties answered the motion and plead the statute of limitations, as set out in the record.

The Justice of the Peace overruled the plea and gave judgment for plaintiff. The sureties appealed to the Superior Court from said judgment. The Superior Court overruled the judgment of the Justice of the Peace and gave judgment in favor of the sureties. From this judgment the plaintiff appealed to the Supreme Court.

*Mr. B. B. Winborne* (by brief), for the plaintiff.
No counsel, *contra.*

SHEPHERD, J.: The condition of the undertaking of bail is, "that the defendant shall at all times render himself amenable to the process of the Court during the pendency of the action, and to such as may be issued to enforce the judgment therein." *The Code*, section 299. In the absence of any statutory provision to the contrary, we would be inclined to hold with the plaintiff that the statute of limitations does not begin to run until a return of *non est inventus* is made on execution, the principle being, "that the bail only guarantees that the debtor shall be forthcoming to respond to the execution, and do not become liable to pay the debt except upon failure in that respect. Consequently no right of action exists in favor of the creditor until it is ascertained that the debtor is not forthcoming upon the execution." Wood Limitations, section 155. Our statute, however (*The Code*, section 155), expressly provides that proceedings against bail shall be barred unless commenced within three years after *judgment against the principal.* There can be no doubt as to the meaning of this language, and it must therefore follow that the motion of the plaintiff is barred by the statute of limitations. The fact of the debtor having left the State, cannot, under section 162 of *The Code*, prolong the liability of the bail.

Affirmed.